UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                             :

ELIGIO CEDEÑO, et al.,                          :        **CASE NO. 09-CV-9716(JSR)**

        Plaintiffs,                                      :

v.                                                      :

INTECH GROUP, INC., et al.,                  :

        Defendants.                                 :
------------------------------------------------------------X

### DEFENDANT ZAMBRANO'S REPLY TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

                                              MOSCOWITZ & MOSCOWITZ, P.A.
                                              Norman A. Moscowitz, Fla. Bar No.: 765643
                                              Mellon Financial Center, Suite 2050
                                              1111 Brickell Avenue
                                              Miami, FL 33131
                                              Tel: (305) 379-8300
                                              Fax: (305) 379-4404
                                              nmoscowitz@mmmpa.com
                                              *Attorneys for Jose Jesus Zambrano Lucero*

Date: July 27, 2010

# TABLE OF AUTHORITIES

**Cases**

*United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982), *cert. denied*, 461 U.S. 913 (1983), *overruled on other grounds*, *McNally v. United States*, 483 U.S. 350 (1987)..............................1, 2

**Statutes and Rules**

18 U.S.C. § 2.................................................................................................................................2

The question is not, as Plaintiffs appear to suggest (Plaintiffs' supplemental memorandum, Introduction, pg. 1, DE 94), whether private individuals can be found liable for extortion under color of official right.[1] They can be; however, as Zambrano showed, only as aiders and abettors, which is why the extortions charged against Zambrano and the other Defendants do not qualify as predicate acts constituting a pattern of racketeering activity.

Plaintiffs again fail to address Zambrano's argument that there is no aiding and abetting liability under RICO. As Zambrano showed (supplemental memorandum, p. 2, DE 93), this Court has clearly held that there is no such liability.

Plaintiffs do continue to rely on collective, conclusory allegations regarding the extortions, without any showing of a factual basis, and, with regard to Zambrano, which are contrary to their more specific allegations against him. Thus, they quote (Plaintiffs' Supplemental Memorandum, pg. 3) the Complaint's allegation that Zambrano, Lara, Braschi, Idler, Alhambra, et al., "personally moved money constituting the proceeds of the extortion defined immediately above into U.S. banks." However, as Zambrano has repeatedly shown – and Plaintiffs never acknowledge - the Complaint specifically alleges that Zambrano's attempt on behalf of Carreño, the Minister of Justice and the Interior, failed, so there were no proceeds which he is alleged to have received. (See Zambrano's Memorandum, pp. 13, n.9, 15, n.11, DE 60; Reply, pp. 5 – 6, DE 82; supplemental memorandum, p. 2, DE 93.) Indeed, there is no specific allegation in the Complaint that Zambrano did receive any monies, that he has a U.S. bank account, or that he made any transfers.

Finally, the Plaintiffs incorrectly describe the holding of *Margiotta* as it relates to this issue. They cite to it at 688 F.2d 131-132, without any quotation from its text, implying that the opinion does not state Margiotta was liable for the Hobbs Act violations as an aider and abettor

---

[1] Plaintiffs' argument on the Hobbs Act issue is at pp. 9 – 10, of their supplemental memorandum.

under 18 U.S.C. § 2.  However, that is wrong.  Those are precisely the pages from the decision quoted by Zambrano (Supplemental Memorandum, p. 4) in which the Court of Appeals explained that Margiotta, although not himself a public official, "could be found guilty of extortion 'under color of official right pursuant to 18 U.S.C. § 2(b) . . .'" *Margiotta*, at 131.[2]

As the Defendants have shown in their motions, this Complaint suffers from a number of defects, each of which is sufficient by itself to require dismissal.  This defect in the pleading of the predicate acts of extortion is one of them.

For the above reasons, those stated in his memoranda and by the Defendants in their motions and supplemental memoranda on extraterritorial application, Zambrano respectfully requests that this Complaint be dismissed with prejudice.

                                Respectfully submitted,

                                MOSCOWITZ & MOSCOWITZ, P.A.
                                *Counsel to Defendant Jose Jesus Zambrano Lucero*
                                Mellon Financial Center, Suite 2050
                                1111 Brickell Avenue
                                Miami, Florida  33131
                                Tel: (305) 379 - 8300
                                Fax: (305) 379 - 4404

Dated: July 27, 2010            By:   s/Norman A. Moscowitz
                                      Norman A. Moscowitz
                                      Florida Bar No.: 765643
                                      nmoscowitz@mmmpa.com

---

[2] As Zambrano stated in his supplemental memorandum (pg. 4), the Court correctly noted at the hearing that Margiotta's conviction for honest services mail fraud was not based on § 2 liability.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __27th__ day of July, 2010, I electronically filed the papers relating to Defendant Jose Jesus Zambrano Lucero's Second Supplemental Memorandum of Law in Support of His Motion to Dismiss the Amended Complaint with the Clerk of the Court via transmission of notices of electronic filing generated by CM/ECF on:

Jerome M. Marcus, Esq.
Marcus & Auerbach. LLC
400 Greenwood Avenue, Ste 200
Wyncote, PA 19095
jmarcus@marcusauerbach.com

Jonathan Auerbach, Esq.
Marcus & Auerbach. LLC
400 Greenwood Avenue, Ste 200
Wyncote, PA 19095
auerbach@marcusauerbach.com

Thomas E.L. Dewey, Esq.
Dewey, Pegno & Kramarsky, LLP
220 E 42nd Street
New York, NY 10017
tdewey@dpklaw.com

Chi-Ru Jou, Esq.
Dewey, Pegno & Kramarsky, LLP
220 E 42nd Street
New York, NY 10017
cjou@dpklaw.com

Guillermo Ariel Gleizer, Esq.
Diaz, Reus & Targ, LLP
100 SE 2nd Street, Ste 2600
Miami, FL 33131
guillermo_glazier@aya.yale.edu

Carlos F. Gonzalez, Esq.
Diaz, Reus & Targ, LLP
100 SE 2nd Street, Ste 2600
Miami, FL 33131
cgonzalez@diazreus.com

Donald F. Luke, Esq.
Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, NY 10016
dluke@jaffeeandasher.com

Priya Chaudhry, Esq.
Law offices of Priya Chaudhry
80 Pine Street, 33rd Floor
New York, NY 10005
pchaudhry@chaudhrylaw.com

Catherine Greive, Esq.
Rivero Mestre & Castro
2525 Ponce De Leon Blvd
Suite 1000
Coral Gables, FL 33134
cgrieve@rmc-attorneys.com

Andres Rivero, Esq.
Rivero Mestre & Castro
2525 Ponce De Leon Blvd
Suite 1000
Coral Gables, FL 33131
arivero@rmc-attorneys.com

| | |
|---|---|
| Erimar von der Osten, Esq.<br>Rivero Mestre & Castro<br>2525 Ponce De Leon Blvd<br>Suite 1000<br>Coral Gables, FL 33134<br>evonderosten@rmc-attorneys.com | Paul Edouard Dans, Esq.<br>Rivero Mestre & Castro<br>2525 Ponce De Leon Blvd<br>Suite 1000<br>Coral Gables, FL 33134<br>pdans@rmc-attorneys.com |
| Susan E. Raffanello, Esq.<br>Coffey Burlington, PL<br>Office in the Grove, PH<br>2699 S Bayshore Drive<br>Miami, FL 33133 | Dennis H. Tracey, III<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY 10022<br>dennis.tracey@hoganlovells.com |

                                                      s/Norman A. Moscowitz
                                                        Norman A. Moscowitz